DLD-272                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2953
_____

BEVERLY PRATHER,
Appellant
v.

ATTORNEY GENERAL OF THE UNITED STATES; DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 11-cv-00547)
District Judge:  Honorable Robert B. Kugler

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011

Before:  BARRY, FISHER, AND VAN ANTWERPEN, Circuit Judges.

(Filed:  September 7, 2011)
_____

OPINION
_____

PER CURIAM

    Beverly Prather appeals an order of the District Court sua sponte dismissing her

complaint against Eric Holder – in his capacity as Attorney General of the United States

of America – and the United States Department of Justice (“DOJ”).  Because the appeal

presents no substantial question, we will summarily affirm.

I.

Prather filed her complaint in June 2011 alleging that the DOJ "is deliberately allowing the raping of working women as a revenue source to the government, under the Violence Against Women's Act." Prather alleged that in 2009, she routinely sought assistance from the DOJ, and specifically Holder, to investigate and prosecute her alleged rapist.[1] The DOJ informed Prather that it only had jurisdiction to intervene where violations of federal law may have occurred. The DOJ advised Prather that she should consider the following options: (1) retain private counsel; (2) pursue her claims at the State or local level; or (3) retain the services of a legal aid organization.

In a July 12, 2011 order, wherein the District Court interpreted Prather's claims as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, the District Court sua sponte dismissed Prather's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Prather appealed. Prather subsequently filed a motion for reconsideration, which the District Court denied on July 28, 2011.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (plenary review of order dismissing claims under 28 U.S.C. § 1915(e)(2)(B)). A court may dismiss a complaint as

---

[1] Prather previously filed a Title VII claim in the United States District Court for the Eastern District of Pennsylvania against her former employer and the alleged rapist. The Defendants were granted summary judgment, and we affirmed the District Court on appeal. See Prather v. Prudential Fox & Roach, 326 F. App'x 670, 671 (3d Cir. 2009).

frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if the action "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We may summarily affirm a district court's judgment if the appeal does not raise a substantial question. 3d Cir. LAR 27.4; I.O.P. 10.6. We may affirm on any basis supported by the record. See Hedges v. Musco, 204 F.3d 109, 116 (3d Cir. 2000). We are of course mindful that a pro se litigant's complaint is to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

III.

The District Court properly dismissed Prather's claims against Holder and the DOJ. Under the FTCA, "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, the FTCA also delineates that a party may only sue "the United States," not a federal agency or a federal official thereof. 28 U.S.C. § 1346(b). The District Court noted that in her complaint, Prather named Holder and the DOJ, and not the United States.

The District Court also properly recognized that the FTCA contains a jurisdictional exhaustion component; federal courts cannot assume jurisdiction over FTCA claims until (1) the plaintiff has initially presented the claim to the appropriate federal agency within two years of the date the claim accrues; and (2) the agency has either denied the claim or has failed to make a final disposition within six months of the plaintiff's presentation of the claim. 28 U.S.C. § 2675(a); see also White-Squire v. U.S.

3

Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010). Prather's complaint does not allege that she has presented her claims to any appropriate federal agency.[2] As such, under the FTCA, the District Court lacked jurisdiction over her federal tort claim. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Accordingly, the District Court properly dismissed Prather's complaint. Because we hold that the District Court lacked jurisdiction, we need not discuss the District Court's consideration of the complaint's merits.

IV.

For the reasons given in this opinion, we will summarily affirm the judgment of the District Court.

---

[2] The letters in which Prather submitted to the DOJ did not comply with the appropriate regulations. See, e.g., 28 C.F.R. § 14.2.